Russell Roth, Administrator, Plaintiff-Appellee, v. Lissner Iron & Metal Company, a Corporation, Defendant-Appellant.

Gen. No. 50,322.

First District.

October 4, 1967.

Rehearing denied December 28, 1967.

Joseph B. Lederleitner, of Chicago, for appellant.

Thomas R. Benz, of Chicago (James P. Chapman and John J. Kennelly, of counsel), for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

Plaintiff, Russell Roth, is administrator of the estates of Theresa G. Roth, Kenneth R. Roth and Gale Ann Roth. In such capacity, he sued Lissner Iron & Metal Company for recovery under the Wrongful Death Act and received an adverse verdict of the jury. The trial court granted his post-trial motion for a new trial, upholding his contention that the verdict was against the manifest weight of the evidence. This court granted defendant's petition for leave to appeal from the trial court's ruling. The sole issue is whether the trial court erred in granting the plaintiff's motion.

Plaintiff's decedents were passengers in an automobile being driven in a northerly direction in Cook County, on Barrington Road, when their car collided in the intersection of Dundee Road on June 28, 1956, at about 11:25 a. m. All three lost their lives as a result of this collision. The other vehicle involved in the collision was a tractor-semitrailer combination owned by the defendant, Lissner Iron & Metal Company, which was being driven west by its employee. This unit was 52 feet long, weighed 27,000 pounds and was loaded with 4,000 pounds of scrap metal. All fourteen wheels were equipped with air brakes which were activated almost simultaneously, but from front to rear, by the brake pedal in the cab of the tractor.

The weather was clear and good. The pavement was dry. Dundee Road, in the area of the intersection, is a two-lane, two-way, hard-surface highway marked as Illinois Route 68. Some distance to the east, Dundee Road descends a slope which extends through the intersection an undetermined distance. There are stop signs for traffic proceeding both north and south on Barrington Road across the intersection. The westbound truck was to the right of the northbound car. The view from Dundee Road is obscured by brush in the southeast quadrant of the intersection but there are places close to the intersection and entering the intersection where the view to the south is at least 150 feet. The view to the north, upon approaching the intersection from the east, is largely unobstructed. There was a truck following the defendant's truck approximately 200 or 250 feet behind it. These trucks had traveled together for approximately six miles at a speed of approximately 40 mph.

The driver of the defendant's truck testified that his attention was diverted as he approached the intersection by a car traveling south on Barrington Road coming from his right. He testified that he looked to the left as he approached the intersection and saw no traffic in that direction. He then looked to the right and saw the car that distracted him because he could not tell if it would stop for the stop sign. When he was very close to the intersection, this car stopped short of the intersection to turn around. He then looked back to the left and saw the car containing the Roths coming from his left across his path. He applied his brakes but the collision occurred immediately thereafter. His speed was about 40 mph. The investigating police officer testified that there were 51 feet of skid marks on Dundee Road extending east from the point of impact. About 30 feet of the skid marks were east of the east side of Barrington Road.

The defendant's driver testified that the truck was in good mechanical condition prior to the impact, that the

354

brakes were in working order and that the truck was equipped with a governor which prevented the truck from attaining speeds in excess of 40 mph. The driver of the following truck testified that the defendant's vehicle was being driven at a speed of about 40 mph as it approached the intersection, that as the defendant's truck neared the intersection he saw a car cross from left to right in front of the truck ahead of him, and that he saw the truck swerve, the brakes applied, and that almost simultaneously the collision occurred between the two vehicles.

The defendant contends, based upon this testimony, that the trial court abused his discretion in granting a new trial because this testimony created a question of fact for the jury and their determination that the defendant was not negligent was supported by substantial evidence.

It is the plaintiff's contention that the trial court's action was proper, arguing that the distraction of the defendant's driver by the car on his right was unreasonable and unnecessary; further, that the evidence showed that the defendant's driver was acting upon a conclusive presumption that no person or vehicle coming from his left would become a hazard to the operation of his truck and that it was negligent for him not to have seen and avoided the car occupied by the plaintiff's decedents before he did see it. Plaintiff contends that since there was no evidence of a legal relationship between the deceased persons represented by the administrator and the driver of the car which would operate to bar them because of that driver's negligence and there was evidence that the deceased persons were persons of careful habits, this negligence requires the defendant to respond in damages for the deaths caused by this collision.

A verdict is against the "manifest weight" when an opposite conclusion is "clearly apparent," Tabor v. Tazewell Serv. Co., 18 Ill App2d 593, 153 NE2d 98 (3d Dist, 1958), or the finding of the jury appears to

be "unreasonable, arbitrary, and not based on the evidence," Stobbs v. Cumby, 9 Ill App2d 138, 132 NE2d 448 (3d Dist, 1956). It matters not that the trial judge hearing the evidence and observing the witnesses might be disposed to reach a different conclusion on the same evidence. If there is evidence which if believed by the jury would support the conclusion they reach, the trial court is unwarranted in interfering with the result. The credibility of witnesses is primarily for the jury and the ultimate conclusion of whether the conduct of a party is that of a reasonable person acting under similar circumstances shown by the evidence is, in a jury trial, a jury question. Stobbs v. Cumby, 9 Ill App2d 138, 132 NE2d 448 (3d Dist, 1956).

The plaintiff's contention that the distraction of the defendant's driver was unnecessary and unreasonable, and therefore negligence, is argument. Whether the defendant's driver was operating his truck under a "conclusive presumption that he had the right of way" is also a jury question under these circumstances. The apparent nonacceptance by the jury of either of these propositions does not strike us as so unreasonable or arbitrary a result as to require judicial interference with that result. The defendant's truck was on a highway which had preference over traffic on Barrington Road at this intersection. The fatal car approached him from his left and even without the stop sign would be obliged to yield to him. His distraction was not controverted, only the length of time it lasted.

 There is no certainty here as to the visibility, speed or rate of closing of the car containing the Roths as it approached the intersection from the truck's left. There is no certainty that it stopped for the stop sign and then pulled out into the path of the truck or whether it entered the intersection without stopping. The certainty of its visibility and location requiring application of the rule in Dee v. City of Peru, 343 Ill 36, 174 NE 901,

904 (1931) is entirely lacking here. There is nothing to indicate that, beyond question, had he been looking to his left the defendant's driver would have seen the vehicle with which he later collided. In the absence of such overwhelming certainty, his conduct is not negligence as a matter of law, but only if found to be so by the duly constituted trier of fact, in this case—the jury. De Legge v. Karlsen, 17 Ill App2d 69, 149 NE2d 491 (1st Dist, 1958).

■ Plaintiff contends that the defendant's negligence is judicially established by the driver's testimony at the coroner's inquest in which he stated he did not see the plaintiff's car until too late to avoid the collision. He also stated there that he had not seen the car when he had previously looked to his left as he approached the intersection. At the trial, he said his recollection was much fresher at the inquest than at the trial. These matters were all before the jury. There is no binding judicial admission of negligence to be found in these statements which requires resolution of the negligence issue against the defendant. These statements are evidentiary admissions to be weighed by the jury, not conclusive judicial admissions of negligence precluding the party-defendant from putting in proof on this issue. The effect of the former testimony of this witness on his credibility at the trial was for the jury under appropriate instructions of the court. Bartolomucci v. Clarke, 60 Ill App2d 229, 208 NE2d 616 (4th Dist, 1965).

In view of this evidentiary situation, the trial court erred in granting the motion for a new trial. The judgment of the circuit court is reversed and the cause is remanded to that court with directions to enter judgment on the verdict.

Reversed and remanded with directions.

SMITH and TRAPP, JJ., concur.