Benjamin Holmes, Plaintiff-Appellant, v. West Suburban Consolidated Seventh-Day Adventist School and Christa Straub, Defendants-Appellees.

Gen. Nos. 53,022, 53,203. (Consolidated.)

First District, Second Division.

July 1, 1969.

Bernard Davis, of Chicago (Sheldon Hodes and Alan J. Scheffres, of counsel), for appellant.

Howard, French & Healy, of Chicago (John J. Treacy, of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal was taken from an order entered on January 15, 1968, denying plaintiff's motion for either a new trial or a judgment notwithstanding the verdict. The action was brought to recover damages occasioned by the negligence of defendants in the operation of their bus. The jury rendered a verdict for the defendants, and the court entered judgment on December 15, 1967.

On September 14, 1966, the plaintiff was a passenger on a C.T.A. bus, proceeding south on Austin Avenue, when it was struck from the rear by a bus owned by West Suburban Consolidated Seventh-Day Adventist School (defendant), and operated by defendant Christa Straub. The C.T.A. bus was struck at the left rear corner where the plaintiff was seated, and, according to his testimony, the impact caused him to be thrown upward and backward. Both the plaintiff and Robert Kloosterhuis (a pastor of the Seventh-Day Adventist Church), who was a passenger in the school bus, testified that at the time of impact the C.T.A. bus was visibly damaged on the left rear side. Mr. Kloosterhuis also testified that the defendant's bus was damaged on the right front fender.

The plaintiff notified the driver of the C.T.A. bus that he was injured and left his name with him. When he

went home he experienced serious headaches which became worse, and the next day the plaintiff went to Dr. Leslie Kaplan. He complained of soreness and stiffness in his neck and shoulders. After the third visit to the doctor, with no improvement in his condition, the plaintiff was admitted to Sheridan General Hospital where he was confined to bed for four days, receiving various forms of physical therapy and medication. For two weeks after his release from the hospital he remained under the doctor's supervision and treatment.

In their answer to the plaintiff's complaint, defendants admitted negligence in the operation of their bus at the time and place of the accident, but they denied that plaintiff was injured in any degree as a result of any negligent act or omission of the defendants.

At the trial the plaintiff testified regarding his injuries and stated that the doctor's bill was $145; that he thought the hospital bill had been paid by Blue Cross and Blue Shield; and that after he left the hospital he saw Dr. Kaplan for two weeks and was given medication which furnished some relief. He stated he had headaches for about three weeks following the accident, and that the soreness in his neck and shoulders lasted about two weeks.

The plaintiff also testified that he had been employed by Zenith Corporation, where he had earned $2.25 or $2.26 an hour, approximately $100 a week; that when he attempted to return to his job after the accident, he learned he was discharged. He did not get another job until four weeks after the accident, and there he earned only $1.90 an hour; after about two months he secured a job at Admiral Corporation, where his earnings had increased from $1.90 to $2.33 per hour, his salary at the time of trial.

The plaintiff testified that when he worked very hard he still got headaches. Counsel stipulated that if Dr. Kaplan were called upon to testify it would be with

respect to his medical examination according to the following report which was admitted into evidence:

> Name of patient, Benjamin Holmes; address, 352 South Kostner; objective symptoms including X-ray findings, contusions of the occipital region of the skull, sprained muscles in region of C-2, C-4; sprained shoulder muscles; subjective symptoms, headaches, tenderness in upper neurological region of the spine, pains upon flexion or extension of both shoulder regions; diagnosis, see objective symptoms, see above objective symptoms: Where X-rays taken, 3527 West Roosevelt Road; treatment, patient was hospitalized at the Sheridan General Hospital from 9-19-66 until 9-23-66. Following this hospitalization the patient was treated on an ambulatory basis in our clinic with analgesics and sedatives and follow up care was also instituted for possible latent injuries. Present condition; Fair. Permanent deformities and scars, none noted. Prognosis: Satisfactory.

Mr. Kloosterhuis testified on behalf of the defendants that at the time of the accident he was assisting the driver of the school bus, showing her the route and helping her to learn her new job. Although he had testified there was physical damage to the two buses, he said: "As far as I was concerned, the impact was not very great between the buses. . . ." On cross-examination he testified that the driver of the C.T.A. bus had informed him that several people on that bus had claimed injuries, which fact was verified by the C.T.A. driver, who testified that the plaintiff and one other person had told him they were injured.

The jury returned a verdict for the defendants and the court denied plaintiff's motion for a new trial or judgment notwithstanding the verdict. From that order of the trial court this appeal is taken.

It is true that a jury verdict is given great weight; however, it is also held that when the verdict of the jury is against the manifest weight of the evidence it should be set aside. In Donelson v. East St. Louis & S. R. Co., 235 Ill 625, 85 NE 914, it is said at 628:

> "The constitution, which provides that the right of trial by jury as previously enjoyed shall remain inviolate, does not make the jury the final judges of the weight of evidence, and if a verdict is manifestly against the weight of the evidence it is the duty of the trial judge to set it aside and grant a new trial, and a failure to do so is error, for which a judgment must be reversed. (Chicago, Burlington and Quincy Railroad Co. v. Gregory, 58 Ill 272; Henry v. Eddy, 34 id. 508; Lincoln v. Stowell, 62 id. 84.) In Belden v. Innis, 84 Ill 78, the court said that in all cases where a verdict is manifestly and palpably against the weight of the evidence the judge in the trial court should promptly take the responsibility of setting aside the verdict, and a failure to do so is error. If a verdict is manifestly against the weight of the evidence, it is not necessary that it should further appear that it was not the result of the impartial and honest judgment of the jury, nor that it resulted from prejudice, passion or some improper motive or condition. To permit a verdict which is clearly and manifestly against the weight of the evidence to stand, upon the supposition that the jury were impartial and honest, would be as unjust and injurious to the defeated party as though it proceeded from passion, prejudice or some improper motive."

In Roth v. Lissner Iron & Metal Co., 88 Ill App2d 352, 232 NE2d 534, the court said at page 355:

"A verdict is against the 'manifest weight' when an opposite conclusion is 'clearly apparent,' Tabor v. Tazewell Serv. Co., 18 Ill App2d 593, 153 NE2d 98 (3d Dist, 1958), or the finding of the jury appears to be 'unreasonable, arbitrary, and not based on the evidence,' Stobbs v. Cumby, 9 Ill App2d 138, 132 NE2d 448 (3rd Dist, 1956)."

The cases so holding are so numerous that there is no necessity for citing them.

The question presented in the instant case is whether the verdict of the jury is against the manifest weight of the evidence. The only question litigated in the trial court was the damage to the plaintiff. The uncontroverted evidence showed that the C.T.A. bus and the defendant's bus collided and that both were damaged; that the bus in which the plaintiff was riding was struck by defendant's bus through the admitted negligence of defendant; that the impact occurred in the place where plaintiff was seated; and that immediately after the incident the plaintiff claimed injuries. There was evidence regarding the extent of his injuries and damages; a direct report of objective symptoms resulting from the injuries was introduced. Against this evidence the defendants offered only the statement of Mr. Kloosterhuis that the impact between the buses was slight. However, that statement is not sufficient to warrant a holding that no injury had occurred to the plaintiff, in the face of the evidence introduced by plaintiff.

The verdict was contrary to the manifest weight of the evidence; accordingly, we reverse the judgment and remand the cause with instructions to allow a new trial on the issue of damages.

Reversed and remanded with directions.

LYONS, P. J. and BURKE, J., concur.