THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PEGGY WEAVER LEIGH, Defendant-Appellant.

Fourth District    No. 13440

Opinion filed December 30, 1976.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Peggy Weaver Leigh, pleaded guilty on July 1, 1974, to the offense of felony theft in violation of section 16—1(e)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(e)(2)). The court sentenced the defendant to probation for 1 year and ordered her to pay restitution and court costs. On February 18, 1975, a probation revocation petition was filed, alleging that defendant committed a second offense of felony theft on December 10, 1974, that she failed to report to her probation officer after December 13, 1974, and that she neglected to continue her payments for restitution and court costs. At the revocation hearing, evidence concerning only the first of these allegations was

presented. At the conclusion of the hearing, defendant's probation was revoked and she was sentenced to a 2- to 10-year term of imprisonment.

The defendant was employed from October 10 to December 10, 1974, as a cashier at the Pines Currency Exchange, one of three offices of the Decatur Currency Exchange. When applying for employment at the exchange, defendant was not asked whether she had a criminal record or whether she was on probation. After being accepted for employment, the defendant was assigned to the Pines Currency Exchange where she worked with Kathy Fulk under the supervision of Pam Green, the assistant manager of the Decatur Currency Exchange. Ms. Green supervised all three offices of the exchange and divided her time among all three. Only the defendant and Ms. Fulk spent all of their working time at the Pines Currency Exchange.

The defendant's duties as a cashier included selling money orders, collecting utility bills, selling food stamps and cashing checks. Defendant had her own cash drawer and safe at the Pines Currency Exchange, to which only defendant, Ms. Green and the manager had access. Each cashier also maintained a balance sheet which reflected control figures equaling the amount of money left overnight in the cash drawer. This control figure was determined by the cashier who subtotaled the previous night's control figure with the day's deposits. Bank deposits and any shortages were then subtracted to determine the control figure.

Ms. Green, Ms. Fulk and the defendant each testified that it was common for the cashiers to have a shortage at the end of the day. The defendant testified that the shortages often ranged from $1 to $15 per day, while Ms. Fulk testified that she had shortages of $2 per day as often as three or four days a week. The exchange policy was that employees were responsible for all shortages over $1. Defendant was aware of this policy.

John Schlesier, manager of the Decatur Currency Exchange, testified that the defendant was fired from her job on December 10, 1974, because she was on probation and therefore not bondable. After the defendant was fired, a check of her balance sheet disclosed a shortage, which Ms. Green alleged totaled $143. This amount was arrived at after comparing the cash in defendant's cash drawer with the amount listed on her balance sheet for December 9, 1974. Ms. Green admitted that she did not know whether defendant's balance sheet for December 9 was correct. In addition, defendant's account had not been audited since mid-November, when it showed a $20 shortage.

The defendant raises four points for review by this court: (1) whether the State proved by a preponderance of the evidence that she violated her probation; (2) whether use of the preponderance of the evidence standard denied her equal protection of the law; (3) whether the sentence imposed after the revocation of probation was excessive; and (4) whether

the trial judge had authority to deny the defendant credit for time served on probation. Since we find point (1) dispositive of this appeal, we need not address the remaining issues presented to this court.

In cases in which a petition is filed alleging violation of a condition of probation, section 5—6—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c)) provides:

> "The State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence. The evidence shall be presented in open court with the right of confrontation, cross-examination, and representation by counsel."

(Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c).) When a trial court finds that a violation is proved, a reviewing court should reverse only if the finding is against the manifest weight of the evidence. *People v. Meyer* (1976), 43 Ill. App. 3d 109, 356 N.E.2d 1303.

In *Meyer*, the defendant appealed from an order revoking the probation upon which he was placed for the offense of burglary and sentencing him to a 2- to 7-year term of imprisonment. This court affirmed the order revoking Meyer's probation and the 2- to 7-year sentence of imprisonment, but reversed that portion of the sentence denying the defendant credit for time served on probation. In response to the defendant's contention that the evidence was insufficient to support the probation revocation order we held that the testimony of an accomplice to the offense which violated defendant's probation had some weight despite the fact that the accomplice had been impeached.

In the instant case, unlike *Meyer*, the State has not presented an eyewitness or accomplice whose testimony could establish that the defendant stole from the exchange. The State only presented two witnesses whose disputed testimony was intended to establish that the defendant violated the terms of her probation. Ms. Green testified that defendant's balance sheet and cash drawer might have reflected a shortage of $143; however, Ms. Green admitted on cross-examination that she was not certain of the accuracy of defendant's balance sheet. Detective Bell testified that the defendant admitted taking approximately $60 from the exchange; however, the defendant refuted Bell's testimony by admitting that she only told him she would make up a $67 shortage, the amount for which she felt responsible under the exchange policy regarding shortage in excess of $1. Witnesses for the State and defense stated that shortages were common at the exchange. Ms. Fulk, the only exchange employee other than the defendant who spent all of her time at the exchange testified that, in her opinion, the defendant did not take the money. Four police officers questioned the defendant, but the defendant allegedly admitted the theft only to Detective Bell approximately two months after the occurrence. We also note that the defendant was not

impeached by the State after she denied making the alleged admissions to Bell. The most favorable statement that we can make regarding the State's evidence is that it is vague.

We find that the testimony in this case fails to establish by a preponderance of the evidence that the defendant violated the terms of her probation. Accordingly, we reverse the order revoking her probation and we remand with directions to vacate that order.

Reversed and remanded with directions.

CRAVEN, P. J., concurs.

Mr. JUSTICE GREEN, dissenting:

The testimony of Detective Bell that defendant admitted taking about $60 from the exchange was not vague. The credibility of defendant's denial that she made the admission and her denial that she took the money was impeached by her recent conviction of the offense for which she was on probation, a crime of dishonesty, and her self-interest in fabricating testimony to prevent revocation of her probation. Although she made no admission to others of taking the money, the trial judge saw and heard the witnesses and could have determined that more likely than not the police officer was accurate and truthful and that the defendant was not. The evidence that the defendant was short in her account was vague but had some probative value and tended to corroborate the extra-judicial admission attributed to her by Detective Bell.

Our responsibility is not to determine if the probation violation was proved by a preponderance of the evidence. Our responsibility is to determine if the determination of the trial judge that the violation occurred is contrary to the manifest weight of the evidence. In a civil case, a finding is "contrary to the manifest weight of the evidence" when "an opposite conclusion is 'clearly apparent'." (*Roth v. Lissner Iron & Metal Co.* (1967), 88 Ill. App. 2d 352, 353, 232 N.E.2d 534, 536.) By any definition of the phrase, I do not deem the trial court's finding here to be contrary to the manifest weight of the evidence.

I would affirm the revocation of probation and the conviction.