THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SHARON A. DINGER, Defendant-Appellant.

Fourth District   No. 4—88—0342

Opinion filed December 22, 1988.—Rehearing denied January 12, 1989.

McCULLOUGH, P.J., dissenting.

Asher O. Geisler, of Geisler, Waks & Geisler, of Decatur, for appellant.

Larry R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

In June 1987, defendant pleaded guilty to theft of property exceeding $300 in value in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1). The circuit court of Macon County sentenced defendant to a term of 30 months' probation, which included a condition that she pay restitution in the sum of $57,000. On April 5, 1988, defendant filed a petition to terminate her probation. Over the State's objection, the court ordered defendant's probation revoked. She was subsequently sentenced to a term of four years' imprisonment, the term to run concurrently with a three-year term imposed by the circuit court of Moultrie County. Defendant appeals her sentence.

On November 7, 1986, defendant was charged by information filed in the circuit court of Macon County with theft over $300. She pleaded guilty at a hearing on June 17, 1987, and was sentenced to a term of probation as above stated. Apparently, defendant was charged under the same facts in the circuit court of Moultrie County with multiple counts of theft over $300 and forgery. (See Ill. Rev. Stat. 1987, ch. 38, par. 17—3.) We do not have the record in that cause before us, but both parties generally agree that the Moultrie County proceedings were based on the same series of acts by defendant. Defendant proceeded to a bench trial in Moultrie County on the forgery counts only. She was convicted of forgery and, in January 1988, she was sentenced to a term of three years' imprisonment. The propriety of the Moultrie County cause is not before us, and we make no determination in that regard.

Defendant filed a petition to terminate her probation in the Macon County cause on April 5, 1988. Although termed a petition to terminate probation, it is in essence a petition to have defendant's probation revoked and a sentence of imprisonment imposed. Defendant alleged that she was unable to comply with the terms and conditions of her probation because of her incarceration. She argued, however, that because the facts underlying the causes in both counties were the

same, she could not be sentenced to a term longer than that imposed by the Moultrie County circuit court. The State objected to the filing of the petition by defendant. Nevertheless, following a hearing, the court revoked defendant's probation and sentenced defendant to a term of four years' imprisonment. The sentence was to be served concurrently with the three-year term imposed by Moultrie County. Defendant appeals arguing that principles of comity require the Macon County court to impose a sentence no greater than the three-year sentence imposed by Moultrie County. We need not, however, examine the principles of comity to resolve this matter.

The State argues defendant was without authority to file a petition to revoke probation. We agree. The office of the State's Attorney is vested with the exclusive discretion in the initiation and management of a criminal prosecution. (*People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 45, 445 N.E.2d 270, 272.) That discretion includes the decision whether to prosecute at all. (*Daley*, 94 Ill. 2d at 46, 445 N.E.2d at 272.) Section 5—6—4 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4) governs revocations of probation. Section 5—6—4(c) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(c)) places the burden upon the State to go forward with the evidence and prove the violation of probation by the preponderance of the evidence. It makes no provision for a defendant to seek the revocation of her own probation. A court may *modify* the terms of probation on its own motion, or on motion of the defendant. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(f).) However, we are not concerned here with a modification, but a revocation and resulting sentence of imprisonment. There is, therefore, no statutory authority by which defendant may seek to have her probation revoked. Neither can the court, on its own motion, revoke defendant's probation. This would violate the firmly established principle of the separation of powers between the executive and judicial branches of government. (See *Daley*, 94 Ill. 2d at 46, 445 N.E.2d at 272.) The original probation order provided for restitution. Making a victim whole or partially whole is a legitimate interest of the State's Attorney and could well be a factor in determining whether to proceed with a petition to revoke probation. In this case, the State was aware of and possibly influenced by the existence of the Moultrie County three-year sentence.

Defense counsel stated at oral argument that after the Moultrie County sentencing, he asked the Macon County trial judge how to proceed and was told to file a petition to "terminate." This petition, as we have said, was actually a motion to revoke. The trial

judge overruled the State's objection to the procedure, in effect, forcing the State to proceed. The court in *Daley* stated:
> "A trial judge cannot, consistent with the constitutional principle of separation of powers, assume the role of prosecutor and determine which criminal offense shall be charged and thereafter proceed with disposition of that offense over the State's objection, and the court had no authority to direct that the information be filed and then accept the guilty pleas thereto." (*Daley*, 94 Ill. 2d at 46, 445 N.E.2d at 272.)

Though the present case involved revocation of probation, we find the statement applicable. No authority is cited giving the right to either the defendant or the trial judge to initiate revocation proceedings.

The judgment of the circuit court of Macon County, revoking defendant's probation and imposing a sentence of imprisonment, must be vacated.

Judgment vacated.

KNECHT, J., concurs.

PRESIDING JUSTICE McCULLOUGH, dissenting:
First, the relief requested by the parties causes concern as to issues before this court. The State argues that the court properly sentenced defendant to a four-year sentence but was without authority to rule on defendant's petition. The defendant argues that entertainment of the petition was proper, her probation was properly revoked but she should receive only a three-year sentence. Additionally, the Moultrie County circuit court sentenced the defendant to three years in the Department of Corrections on January 7, 1988. In the instant case, the trial judge sentenced the defendant to a term of four years on April 14, 1988, the sentence to begin more than three months earlier, January 7, 1988. The defendant on the date of sentencing, April 14, 1988, had served more than three months, without the credit for time served, on the four-year sentence.

I believe the trial court's authority to entertain defendant's petition to terminate probation is not an issue in this appeal. The only issue is whether the trial court abused its discretion in sentencing defendant to four years in the penitentiary.

I am troubled by the State's argument that entertaining the petition and ordering the probation revoked was beyond the court's authority. The defendant did not appeal this issue. The State did not cross-appeal, nor do they have the authority to do so. Had the trial

court simply terminated the probation with no other sentence, the State could not appeal. Referring to the supreme court's decision in *Daley* is not helpful. *Daley*, concerned with prosecutions ordered by the court, stated the State's Attorney "is vested with exclusive discretion in the initiation and management of a criminal prosecution." (*Daley*, 94 Ill. 2d at 45, 445 N.E.2d at 272.) "An Act in regard to attorneys general and state's attorneys" does not vest the State's Attorney with exclusive discretion in probation violation matters. Ill. Rev. Stat. 1987, ch. 14, par. 5.

The trial court did have authority to entertain the defendant's petition to terminate probation. Section 5—6—4(a) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(a)) provides the procedures to be followed when "a petition is filed charging a violation of a condition." The legislation does not state that the State's Attorney is solely responsible to file the petition. In fact, in section 5—6—4(f) "[t]he conditions of probation *** may be modified by the court on motion of the probation officer or on its own motion or at the request of the offender after notice and a hearing." Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(f).

All that is required is notice and hearing. The defendant is not foreclosed from filing a request (petition), and if the provisions of 5—6—4 are complied with, the trial court has the power and discretion to rule thereon.

Historically, trial judges have granted petitions to terminate probation. For example, it is not unusual for a trial court to terminate probation upon request of the probation officer or defendant to allow the defendant to enter military service.

With respect to the sentence imposed against the defendant, the defendant argues section 5—8—4(a) as authority to reduce the sentence to three years. This section does not apply in circumstances similar to this case and likewise any argument as to comity is without merit.

As we stated in *People v. Kauffman* (1988), 172 Ill. App. 3d 1040, 527 N.E.2d 645, when a defendant is admitted to probation and his probation is revoked, the trial court may sentence the defendant to any sentence that would have been appropriate for the original offense. (See also *People v. Young* (1985), 138 Ill. App. 3d 130, 134-35, 485 N.E.2d 443, 445.) As the imposition of a sentence is a matter of judicial discretion, absent abuse of that discretion, the sentence will not be altered on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.

The trial court properly considered the elements of aggravation

and mitigation in sentencing the defendant. The conviction and sentence in Moultrie County was a proper consideration in the sentencing in Macon County. It was the principal basis for defendant's petition. Although the defendant's counsel in argument infers that the defendant may have been involved in other criminal activities, there is no evidence in the record to justify this. The trial court does make references to other conduct of the defendant which may very well have been some conduct in Coles County. The record does not include a transcript of the proceedings of the hearing on January 8, 1988, nor of two hearings held upon April 5, 1988, at 10 a.m. in the morning and at 3 p.m. that afternoon. The absence of any record of the hearings on those dates is further justification for affirming the trial court in this instance.

The trial court should be affirmed.