(No. 68234.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. SHARON A. DINGER, Appellant.

*Opinion filed March 29, 1990.—Rehearing denied May 31, 1990.*

Asher O. Geisler, of Geisler, Waks & Geisler, of Decatur, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Douglas K. Smith, Assistant Attorneys General, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

Defendant, Sharon A. Dinger, filed a petition in the circuit court of Macon County on April 5, 1988, to terminate her probation, which included an order of restitution. Defendant was serving a term of 30 months' probation after pleading guilty to the theft of property exceeding $300 in value (Ill. Rev. Stat. 1987, ch. 38, par. 16—1). Over the State's objection, the trial court ordered

defendant's probation revoked and later sentenced defendant to a term of four years' imprisonment. Defendant appealed her sentence to the appellate court. A divided panel of the appellate court vacated the trial court's revocation of defendant's probation and sentence of imprisonment, agreeing with the State that the trial court did not have jurisdiction over the revocation proceeding. (177 Ill. App. 3d 174.) We granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 315 (107 Ill. 2d R. 315).

On November 7, 1986, defendant was charged by information filed in the circuit court of Macon County with the theft of property exceeding $300 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1). She pleaded guilty to the offense at a hearing on June 17, 1987, and was later sentenced to serve 30 months' probation. A condition of the probation was payment of restitution in the amount of $57,000.

During her probationary period, defendant was convicted in the circuit court of Moultrie County for the offense of forgery (Ill. Rev. Stat. 1987, ch. 38, par. 17—3), and was sentenced on January 7, 1988, to three years' imprisonment. Although the records of the Moultrie County proceedings are not before us, it appears that these proceedings were based on the same series of acts that formed the basis of the Macon County proceedings.

The day after defendant was sentenced on her conviction in Moultrie County, she and her attorney appeared before the trial judge who had sentenced defendant to probation in Macon County. Defendant's counsel notified the judge of defendant's Moultrie County conviction and represented that defendant had violated the conditions of her probation. The trial judge, with an assistant State's Attorney present, found that defendant had violated probation and that her probation should be termi-

nated as unsuccessful. The trial judge then set the cause for a sentencing hearing on April 5, 1988.

At the April 5, 1988, hearing, the State filed a motion requesting reconsideration of the order revoking defendant's probation. In its motion, the State noted that no petition to revoke probation had been filed or was pending before the trial court on the date that the trial judge revoked defendant's probation. The motion also alleged that the trial court proceeded on defendant's motion without advising defendant of her rights pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402) and without eliciting testimony from her concerning the alleged probation violation. In addition, the State contended that the initiation of a probation revocation proceeding by anyone other than the State's Attorney was a usurpation of the prosecutorial function and therefore void. After hearing arguments of counsel, the trial judge took the motion under advisement.

At a hearing held later that afternoon, the trial judge granted the State's motion to reconsider the revocation of defendant's probation. The trial judge then recognized a written petition filed by defendant earlier that day asking the court to "terminate" her probation. In the petition, defendant alleged that she could not comply with the terms of the probation due to her incarceration. She noted that evidence of criminal activity during the period of her probation on the Macon County cause was presented at the Moultrie County sentencing hearing and requested a sentence to a fixed term of imprisonment in place of probation. Defendant also contended that because the facts underlying the convictions in both counties were the same, comity required that her sentence in Macon County be no longer than that imposed by the circuit court of Moultrie County. After hearing arguments of counsel, the trial judge granted defendant's petition

to terminate her probation and continued the cause for a sentencing hearing.

At the April 14, 1988, sentencing hearing, the State noted its continuing objection to the court's recognition of defendant's petition for a revocation of probation. The trial judge overruled the State's objection and continued with the hearing. After testimony by the victim and arguments of counsel, the trial judge sentenced defendant to a term of four years' imprisonment, to run concurrently with the three-year sentence imposed by the circuit court of Moultrie County. Mittimus was to issue effective January 8, 1988.

Defendant appealed the four-year sentence to the appellate court. She argued that principles of comity required the circuit court of Macon County to impose a sentence no greater than the three-year sentence imposed by Moultrie County for a conviction based on the same acts. On appeal, the State questioned the authority of the Macon County trial judge to revoke probation absent the State's initiation of the proceeding. A majority of the appellate court held that neither the trial judge nor defendant had authority to initiate revocation proceedings and vacated the trial court's revocation of probation and the imposition of the four-year prison term. The appellate court determined that there is no statutory authority by which defendant could seek to have her probation revoked and that the trial court could not proceed on its own authority without violating the doctrine of separation of powers between the executive and judicial branches of government. 177 Ill. App. 3d at 177.

The dissenting justice argued that the State had not, and could not, cross-appeal the authority of defendant or the trial judge to initiate revocation proceedings and therefore would have affirmed the trial court. The dissenting justice further believed that the trial court had authority to entertain defendant's petition and that the

trial judge did not abuse his discretion by sentencing defendant to four years' imprisonment. 177 Ill. App. 3d at 177-79 (McCullough, P.J., dissenting).

Although counsel for defendant in his petition for leave to appeal, submitted in lieu of a brief, summarily alluded to the dissenting appellate justice's opinion, counsel did not adequately raise or argue that the trial judge's authority over the revocation proceeding was not properly before the appellate court. Points raised but not argued or supported with authority in a party's brief are waived. (107 Ill. 2d R. 341(e)(7); *Collins v. Westlake Community Hospital* (1974), 57 Ill. 2d 388, 392.) We therefore do not address the issue of whether the appellate court should have reached the question of the trial judge's authority to proceed on the petition for revocation filed on behalf of defendant. *People ex rel. Aldworth v. Dutkanych* (1986), 112 Ill. 2d 505, 511.

We note also that although defendant labeled her pleading a petition to "terminate" probation, the petition's title was a misnomer. Section 5—6—2(d) of the Unified Code of Corrections requires that upon "termination of the period of probation * * *, the court shall enter an order discharging the offender." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—2(d).) Defendant's petition did not ask the trial judge to discharge defendant, but instead asked the court to revoke probation and impose a prison sentence.

Finally, we note that the trial court throughout the revocation hearing proceeded on the petition for revocation filed on behalf of defendant. Nowhere in the record submitted to this court did the trial court presume to proceed on its own motion or authority. Therefore, the sole issue before this court is whether defendant had authority to initiate the probation revocation proceedings.

Section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4) governs,

among other things, the revocation of probation, conditional discharge and supervision, except where conditional discharge or supervision was imposed for a petty offense. Subsection (a) of section 5—6—4 sets forth the procedures to be followed "when a petition is filed charging a violation of a condition" of probation, conditional discharge, or supervision. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(a).) The provision is silent, however, as to who may file such a petition.

We cannot agree with defendant that the General Assembly conferred upon an offender the right to petition the trial court to revoke a sentence of probation, even though section 5—6—4 of the Code is silent as to who may bring a petition charging a violation of the conditions of probation. "It is well established that a particular statutory construction which would result in great inconvenience or absurd consequences should be avoided unless the General Assembly clearly intended such a construction." (*People v. Easley* (1988), 119 Ill. 2d 535, 539-40.) A finding that the offender violated a condition of probation is a necessary predicate for revocation (*People v. Salamon* (1984), 126 Ill. App. 3d 1066, 1070; *People v. Owens* (1983), 116 Ill. App. 3d 51, 56), and section 5—6—4 requires that the State prove by the preponderance of the evidence that a violation occurred (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(c)). Under defendant's interpretation of the statute, she could at her convenience place upon the State the burden to prove she violated a condition of her probation. Not only would defendant's interpretation result in an unintended result, but such a holding would mitigate the deterrent effect of the revocation procedure. As the State mentions in its brief, "the conditions of [probation] are not like a contract which may be breached upon willingness to pay the consequences whenever it is economically advantageous to do so."

We find additional support for our holding in section 5—6—4.1 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4.1), adopted several years after the enactment of section 5—6—4. Section 5—6—4.1 governs the modification or revocation of conditional discharge and supervision where conditional discharge or supervision was imposed for a petty offense. The provision sets forth certain procedures to be followed when a charge that a violation of a condition of conditional discharge or supervision is brought "upon the oral or written motion of the State, or on the court's own motion." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4.1(a).) We also note that section 5—6—4.1 contains a provision, almost identical to the provision on which defendant here relies, allowing the court to modify the defendant's conditional discharge and supervision at the request of the offender. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4.1(f).) Given the similarities between the two provisions, we see no reason why the General Assembly would limit the burden of the State to prove a violation of a condition of conditional discharge or supervision to those cases in which the motion was made by the State, or by the court, when the original conviction was for a petty offense, yet allow the offender to place upon the State the burden to prove a violation of probation, conditional discharge or supervision when the original conviction was based on a greater offense.

Defendant argues that subsection (f) of section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(f)), which concerns motions for modification of the conditions of probation, conditional discharge or supervision, expressly authorizes the trial court to proceed with a revocation hearing on motion of the offender. The section referred to by defendant states:

> "The conditions of probation, of conditional discharge and of supervision may be modified by the court on motion of the probation officer or on its own motion or at the re-

quest of the offender after notice and a hearing." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(f).)

The State responds, however, that section 5—6—4(f) does not confer on the trial court authority to entertain a defendant's petition to revoke probation because a revocation of probation is not a modification of the conditions of probation. We therefore must determine whether, when the General Assembly granted the offender the right to petition for modification of probation, it intended also to grant the offender the right to petition the trial court for revocation of probation.

When construing a statute, a court should attempt to ascertain the legislative intent and render it effective. (See, *e.g., People v. Parker* (1988), 123 Ill. 2d 204, 209; *Karlson v. Murphy* (1944), 387 Ill. 436, 443.) To determine legislative intent, we first look to the plain meaning of the statute (see, *e.g., People v. Boykin* (1983), 94 Ill. 2d 138, 141; *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 369), and construe the terms of the statute in the context in which they appear (*M.I.G. Investments, Inc. v. Environmental Protection Agency* (1988), 122 Ill. 2d 392, 400). In the relevant provisions here, modification of probation may be made upon the petitioner's showing that there are sufficient reasons to warrant modification of the sentence. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4.) However, as already discussed, revocation of probation may be made only upon the State's proof by the preponderance of the evidence that a violation of a condition of probation occurred. (*Salamon*, 126 Ill. App. 3d at 1070; *Owens*, 116 Ill. App. 3d at 56; Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(c).) Further, a procedure providing for the modification of the conditions of probation presumes that the underlying sentence will still exist after the procedure has been completed. Yet, when the court revokes an offender's probation, no conditions of that probation remain and the offender must be resentenced on the original

charge. The marked contrast between the two procedures supports the view that the General Assembly did not intend to confer upon the probationer the right to petition the court to revoke probation when it granted the probationer the right in section 5—6—4(f) to petition the court to modify probation.

An examination of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1001—1—1 *et seq.*) in its entirety further demonstrates that the General Assembly when it enacted section 5—6—4(f) did not intend to include revocation of probation within the scope of the court's alternatives when modifying an offender's probation. Initially, we look to section 5—5—6 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—6). In that provision, the General Assembly provided that "[a] sentence of restitution may be modified or revoked by the court." The use of both terms in the alternative also appears in several other provisions of the Code. (See, *e.g.*, Ill. Rev. Stat. 1987, ch. 38, par. 1003—3—9(a) (if person violates term of parole, the Board may "continue the existing term, with or without modifying *** the conditions; or *** revoke the parole"); Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—3 ("a sentence of periodic imprisonment may be modified or revoked").) If possible, a statute should be construed so that no term is rendered superfluous or meaningless (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365), and it is presumed that the same word should be given the same meaning throughout the statute absent clear legislative intent to the contrary (*People v. Lutz* (1978), 73 Ill. 2d 204, 212). Because the Unified Code of Corrections in several provisions lists the terms "modify or revoke" in the alternative, and because those two procedures are followed by different results, we must assume that the General Assembly intended the two terms to carry distinct and separate meanings. When the General Assembly provided a

defendant the right to petition the trial court to modify a sentence of probation, we do not believe that it also intended to provide a defendant the right to petition the trial court to revoke a sentence of probation.

Although a trial court retains jurisdiction over the original charge until the defendant has fulfilled the terms of probation (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—2(d); *People v. Dawes* (1972), 52 Ill. 2d 121, 124; *People v. Speight* (1979), 72 Ill. App. 3d 203, 208), we believe that the Unified Code of Corrections contemplates the revocation of an offender's probation only upon the filing by a proper party of a petition charging a violation of a condition of probation (see Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(a)). As we have demonstrated, the petition to revoke probation filed on behalf of defendant is not such a petition.

Because we find that defendant did not possess the right to petition the trial court to revoke her probation, we do not reach the State's contention that an interpretation allowing anyone other than the State's Attorney to file a petition unconstitutionally intrudes on its exclusive discretion in the management of a criminal prosecution.

We agree with the appellate court's conclusion that the judgment of the circuit court of Macon County, revoking defendant's probation and imposing a sentence of imprisonment, must be vacated. Because it was not necessary for the appellate court to have addressed the court's authority to proceed on its own motion or the State's interpretation of the disputed provision based on constitutional grounds, we vacate that portion of the appellate court decision that holds that a trial court's revocation of probation on its own motion violates the doctrine of separation of powers.

*Appellate court affirmed in*
*part; vacated in part.*