THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEODORE CLARK, Defendant-Appellant.

Third District   Nos. 3—98—0733, 3—98—0734 cons.

Opinion filed June 12, 2000.

Donna K. Kelly, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Defendant, Theodore Clark, pled guilty to two drug offenses and was sentenced to probation. His probation was eventually revoked for, *inter alia*, failure to obtain a court-ordered drug and alcohol evaluation. He now claims that this failure cannot support the revocation, arguing that: (1) the written probation orders did not direct him to complete the evaluation by a certain date, and (2) he did not willfully fail to pay for the evaluation. We affirm.

## BACKGROUND

Defendant pled guilty to a charge of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1994)) and was sentenced to probation. One of the conditions in the written probation order required him to "obtain a drug & alcohol evaluation and comply with the recommendations therein." At the plea hearing, the judge addressed this requirement and instructed defendant to return on January 11, 1996, with proof that he had obtained the evaluation.

Defendant appeared on January 11 and advised that the evaluation was scheduled for that afternoon. The judge issued a continuance and scheduled a new hearing for February 15, but defendant failed to appear on that date. One month later, he informed the judge that he missed the hearing because he attended his cousin's funeral instead. He also advised that he had not obtained the drug and alcohol evaluation because he had been caring for his father.

The State filed a petition to revoke defendant's probation. A revocation hearing was scheduled for June 7, 1996, but defendant failed to appear on that date. He subsequently informed the judge that he missed the hearing because he went to work instead. The judge then granted him 30 days to "make great strides" toward complying with his probation terms. Eight days later, he was charged with another offense of unlawful possession of a controlled substance.

At a hearing on February 10, 1997, defendant admitted the State's alleged probation violations and pled guilty to the new charge. His probation was revoked, and he was resentenced to a new probationary period for his first offense. He was also sentenced to a concurrent probationary period for his second offense. The corresponding order again required him to "obtain a drug & alcohol evaluation and comply with the recommendations therein." The judge instructed him to return for a hearing on March 27, 1997, with proof that he had obtained the evaluation.

Defendant failed to appear on that date. During a subsequent hearing, he explained that he missed the court date because he went to work instead. He also advised that he did not obtain the drug and alcohol evaluation because there was a misunderstanding regarding the fee. However, his probation officer had clarified the matter and arranged a fee of $35. He was scheduled to obtain the evaluation on April 15, 1997. The judge issued another continuance and ordered him to return for a hearing on May 8 with proof that he had completed the evaluation.

He appeared on that date but advised that he did not keep his appointment for the evaluation because he went to work instead. He said a new evaluation was scheduled for that afternoon. He also advised that all his money was going to his children, who were about to graduate from college. The judge issued another continuance and ordered him to return on June 5, 1997, with proof that he had completed the evaluation. He appeared on that date without such proof, stating that he missed the appointment because his sister was in the hospital "being very irate."

The parties then agreed that defendant's probation officer would monitor his compliance with the court's orders. The judge specifically informed him that such compliance included obtaining the drug and alcohol evaluation. The probation officer eventually reported that defendant had violated his probation by failing to, *inter alia*, obtain the evaluation. The State filed a petition to revoke his probation, and a revocation hearing was held on June 30, 1998.

At the hearing, defendant testified that he had not obtained the evaluation because he could not afford it. He acknowledged making $762 in March of 1997. When asked if he spent any of that money on the evaluation, he replied, "No, sir. At that time I was helping my brother." He acknowledged making $382 in September of 1997 but said he needed the money to pay rent. He also explained that he sent money to his son to help with funeral arrangements for his granddaughter.

Defendant's attorney argued that his probation could not be revoked for failure to obtain the evaluation—contending that the failure was not willful but rather a product of his inability to pay the fee. Nevertheless, the judge revoked his probation, citing his failure to obtain the evaluation as a basis for the revocation.

## STANDARD OF REVIEW

■ We will not disturb a trial court's finding in a proceeding to revoke probation unless it is against the manifest weight of the evidence. *People v. Williams*, 303 Ill. App. 3d 264, 707 N.E.2d 729 (1999).

A finding is against the manifest weight of the evidence only if a contrary result is clearly evident. *People v. Durk*, 195 Ill. App. 3d 335, 552 N.E.2d 278 (1990).

## DISCUSSION

### I. Date for Completion of Evaluation

Defendant claims that his probation should not have been revoked because he did not have written notice of the requirement pertaining to the drug and alcohol evaluation. He asserts this claim by noting that, although the written probation orders called for an evaluation, they did not specify a date by which it was to be completed.

■ Section 5—6—3(d) of the Unified Code of Corrections (Code) provides that "[a]n offender sentenced to probation *** shall be given a certificate setting forth the conditions thereof." 730 ILCS 5/5—6—3(d) (West 1996). Accordingly, if a probation order fails to inform a defendant of the required and prohibited conduct, his failure to comply cannot support a petition to revoke. *People v. Taube*, 299 Ill. App. 3d 715, 702 N.E.2d 573 (1998). However, a court cannot possibly detail in a written order every aspect which would lead to successful completion of a probation requirement. See *People v. Butler*, 137 Ill. App. 3d 704, 484 N.E.2d 921 (1985). When such a requirement is included in a written order, terms for implementing it may be given orally. See, *e.g.*, *People v. Salamon*, 126 Ill. App. 3d 1066, 468 N.E.2d 168 (1984) (written requirement that defendant be placed in TASC program implemented by oral statement that he was responsible for contacting supervisor to initiate program); see also *Taube*, 299 Ill. App. 3d 715, 702 N.E.2d 573 (written requirement that defendant obtain sexual offender evaluation and complete recommended treatment implemented by directions from therapist regarding terms and conditions of treatment).

■ In the instant case, the judge generated written orders specifically informing defendant that his probation was conditioned on obtaining a drug and alcohol evaluation. Defendant clearly understood that the evaluation was mandatory. See *Butler*, 137 Ill. App. 3d 704, 484 N.E.2d 921 (upholding revocation where defendant understood terms of probation even though judge's pronouncement of terms lacked clarity). His complaint that the orders did not include a date for completion of the evaluation is disingenuous. The judge provided numerous deadlines by issuing continuances and ordering him to appear at future hearings with proof that he had obtained the evaluation. Such action is an acceptable manner of implementing written probation terms.

The cases defendant cites (*In re Serna*, 67 Ill. App. 3d 406, 385

N.E.2d 87 (1978), *People v. Brown*, 137 Ill. App. 3d 453, 484 N.E.2d 945 (1985), and *People v. Saucier*, 221 Ill. App. 3d 287, 581 N.E.2d 852 (1991)) are distinguishable. The judge in *Serna* completely failed to generate a written order informing the respondent of his probation requirements. The judge in *Brown* generated a written order, but that order did not contain the requirement upon which the defendant's probation revocation was based. The judge in *Saucier* generated a written order prohibiting the defendant from making "unsupervised" contact with minors. The appellate court reversed his probation revocation, concluding that he did not violate this prohibition when he drove past the minor victim while "there was at least one adult present at all times." *Saucier*, 221 Ill. App. 3d at 293, 581 N.E.2d at 856. The instant case involves no such issue regarding the conduct contemplated by the judge's written requirement.

We realize that defendant's probation was revoked with more than a year of his probation period remaining. However, despite his contrary assertion, this fact does not mean that he still had more than a year to obtain the drug and alcohol evaluation. He knew the judge had set deadlines for completing the evaluation, yet he repeatedly failed to comply with those deadlines. We cannot say that the judge contravened the manifest weight of the evidence in deeming this failure a probation violation.

## II. Payment for Evaluation

■ Defendant also claims that his probation should not have been revoked because he did not willfully refuse to pay for the evaluation. He bases this claim on section 5—6—4(d) of the Code, which reads: "Probation *** shall not be revoked for failure to comply with conditions of a sentence or supervision, *which imposes financial obligations upon the offender* unless such failure is due to his willful refusal to pay." (Emphasis added.) 730 ILCS 5/5—6—4(d) (West 1996). In response, the State argues that this section does not encompass defendant's situation. We are thus faced with the issue of whether a probation order requiring a defendant to obtain a drug and alcohol evaluation imposes a financial obligation triggering the "willful refusal to pay" provision of section 5—6—4(d).

When construing a statute, our primary objective is to ascertain and effectuate the legislature's intent. *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996). The best indicator of such intent is the plain and ordinary meaning of the language used. *People v. Jones*, 306 Ill. App. 3d 793, 715 N.E.2d 256 (1999). Courts should not read into a statute exceptions, limitations, or conditions that the legislature did not express. *People v. Holmes*, 268 Ill. App. 3d 802, 644 N.E.2d 1 (1994).

In light of these principles, we conclude that section 5—6—4(d) applies in the instant case. We realize that the probation order merely required defendant to be evaluated. However, that requirement carried a financial obligation because he could not obtain an evaluation without first paying for it. The plain language of section 5—6—4(d) encompasses all "financial obligations" without distinguishing between those that are direct (e.g., fines and restitution) and those that are indirect (tasks requiring expenditure of money). Since the legislature did not express such a distinction, we decline to read one into the statute.

This position is supported by *People v. Susberry*, 68 Ill. App. 3d 555, 386 N.E.2d 361 (1979), involving a defendant who was convicted of criminal housing management and sentenced to probation. His probation was later revoked, and a disagreement ensued over whether the judge had ordered him to make repairs to the building in question. Referring to section 5—6—4(d), the court stated: "If the trial court actually ordered [him] to make repairs to his building, a financial obligation was necessarily imposed upon him. Thus, as a condition precedent to revocation, the State was obliged to prove that [he] wilfully violated this condition." *Susberry*, 68 Ill. App. 3d at 562, 386 N.E.2d at 366. The case was remanded because the trial court had not made a finding regarding the financial ability of the defendant, who had already spent approximately $20,000 on repairs, to fully comply with the condition.[1]

Since section 5—6—4(d) is applicable, our inquiry focuses on whether defendant's failure to pay for the evaluation was willful. We conclude that it was. Although his testimony only identified income from March and September of 1997, the record suggests that he earned income on other occasions as well. For example, he missed a hearing in June of 1996 and an evaluation in April of 1997, later informing the judge that on each occasion he went to work instead. More importantly, he chose to give money to family members when he could have used some to pay for the evaluation. We do not doubt that he acted with good intentions toward his family members; we simply fail to see any excuse for his refusal to allocate a mere $35 for compliance with the court's orders. He has demonstrated that he did not consider his probation requirements a priority. We cannot say that the judge

---

[1]Such a remand is not necessary in the instant case. During the revocation hearing, the judge heard defendant's testimony regarding income he generated and where he spent it. The judge also heard his argument that he could not afford the evaluation fee. Her ruling indicates that she was not convinced of his inability to pay $35 for the evaluation.

contravened the manifest weight of the evidence in revoking his probation.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Will County circuit court.

Affirmed.

LYTTON and HOMER, JJ., concur.