NO. 4-06-0824          Filed 6/21/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Douglas County |
| BRETT T. KELLEMS, | ) | No. 03DT69 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Frank W. Lincoln, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In January 2004, defendant, Brett T. Kellems, pleaded guilty to driving under the influence of alcohol (DUI) (625 ILCS 5/11-501 (West 2004)), and the trial court sentenced him to 18 months' court supervision. In July 2005, a probation officer filed a petition to revoke defendant's supervision. In March 2006, defendant filed a motion to dismiss the petition to revoke his supervision, arguing that because the probation officer did not have the authority to file the petition, the court did not have jurisdiction to entertain it. The court denied defendant's motion, found that he violated the terms of his supervision, and entered a judgment of conviction. The court later imposed a $250 fine upon defendant.

Defendant appeals, arguing that the trial court erred by denying his motion to dismiss the petition to revoke his

supervision.  We agree and reverse.


# I. BACKGROUND

As previously stated, in January 2004, defendant pleaded guilty to DUI, and in February 2004, the trial court sentenced him to 18 months' court supervision.  In July 2005, Paul Wisovaty, a Douglas County probation officer, filed a petition to revoke defendant's supervision, alleging that defendant violated two terms of the supervision order.  Specifically, Wisovaty alleged that defendant violated provisions of the supervision order that prohibited his (1) violating any criminal statute and (2) consuming any amount of alcoholic beverage.

In March 2006, defendant filed a motion to dismiss the petition to revoke his supervision on the ground that a probation officer does not have the authority to file such a petition.  Specifically, defendant asserted that (1) only the Douglas County State's Attorney had authority to file a petition to revoke supervision, (2) the July 2005 petition to revoke his supervision filed by Wisovaty was a nullity, and (3) his period of supervision expired in August 2005, at which time no petition to revoke had been filed by the State's Attorney.

In June 2006, the trial court denied defendant's motion to dismiss.  Later, following a hearing on the petition to revoke defendant's supervision, the court found that defendant violated

the conditions of his order of supervision.  The court then revoked defendant's supervision and entered a judgment of conviction.  Following an August 2006 sentencing hearing, the court imposed a $250 fine on defendant.

This appeal followed.

## II. THE TRIAL COURT'S RULING ON DEFENDANT'S MOTION TO DISMISS

Defendant argues that the trial court erred by denying his motion to dismiss the petition to revoke his supervision.  Specifically, he contends that a probation officer does not have the authority to file a petition to revoke supervision.  We agree.

Because we are reviewing the trial court's determination of an issue of law, i.e., whether a probation officer may file a petition to revoke supervision, our review is de novo.  See People v. Caballes, 221 Ill. 2d 282, 289, 851 N.E.2d 26, 31 (2006) (questions of law are subject to de novo review).

This court is not aware of any Illinois authority addressing whether a probation officer may file a petition to revoke supervision.  Section 12 of the Probation and Probation Officers Act (730 ILCS 110/12 (West 2004)), which lists the duties of a probation officer, does not contain a provision empowering a probation officer to file a petition to revoke supervision.  In addition, section 5-6-4 of the Unified Code of Corrections (730 ILCS 5/5-6-4 (West 2004)) is silent as to who

may file a petition to revoke supervision. See People v. Dinger, 136 Ill. 2d 248, 255, 554 N.E.2d 1376, 1378 (1990) (where the supreme court noted that section 5-6-4 of the Unified Code is silent regarding who may file a petition to revoke probation but concluded that the defendant in that case had no authority to do so; otherwise, the defendant could, at her convenience, burden the State). Moreover, the State's Attorney's powers and duties are set forth in section 3-9005 of the Counties Code, which directs and empowers the State's Attorney to "commence and prosecute all actions" (55 ILCS 5/3-9005(a)(1) (West 2004)).

Defendant relies, in part, on this court's decision in People v. Birt, 274 Ill. App. 3d 805, 655 N.E.2d 321 (1995), to support his contention that a probation officer does not have the authority to file a petition to revoke supervision. In that case, the State's Attorney filed a motion to modify the conditions of the defendant's probation. Birt, 274 Ill. App. 3d at 806, 655 N.E.2d at 322. The defendant argued on appeal that section 5-6-4(f) of the Unified Code (730 ILCS 5/5-6-4(f) (West 1992)) (which explicitly grants the authority to file a petition to modify probation to the trial court, a defendant, or a probation officer) does not give the State's Attorney the authority to file such a motion. Birt, 274 Ill. App. 3d at 807, 655 N.E.2d at 323.

This court rejected the defendant's argument, upon

concluding that because the State's Attorney's authority to file motions to modify the conditions of probation was so obvious, the legislature did not deem it necessary to expressly provide that State's Attorneys are among those who may file a motion under section 5-6-4(f) of the Unified Code. Birt, 274 Ill. App. 3d at 808, 655 N.E.2d at 323. In so concluding, this court explained as follows:

> "Instead, the legislature named the entities it did--the court, probation officer, or defendant--to specify that, in addition to the State's Attorney, entities who might normally not be thought of as empowered to file such a motion may in fact do so." (Emphasis in original.) Birt, 274 Ill. App. 3d at 808, 655 N.E.2d at 323.

In rejecting the defendant's argument, this court noted that section 3-9005 of the Counties Code, which, as noted above, describes the powers and duties of the State's Attorney, provides that the State's Attorney shall "'commence and prosecute all actions, suits, indictments[,] and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned.'" Birt, 274 Ill. App. 3d at 808, 655 N.E.2d at 323, quoting 55 ILCS 5/3-9005(a)(1) (West 1992). We also noted that "[b]ecause a motion to amend

probation constitutes a continuation of a criminal case, the People of the State of Illinois continue to be represented by the State's Attorney in all proceedings concerning such a motion." Birt, 274 Ill. App. 3d at 808, 655 N.E.2d at 323.

The State contends it is not unusual for persons other than the State's Attorney to initiate legal proceedings, with the State's Attorney then prosecuting those proceedings. Examples of such proceedings include traffic complaints filed by police officers and criminal complaints filed by private citizens. See 725 ILCS 5/111-3(b) (West 2004). However, these examples weaken the State's argument because in each instance the legislature has explicitly authorized action that may be taken by persons other than the State's Attorney.

Consistent with our reasoning in Birt, we conclude that if the legislature had intended anyone other than the State's Attorney (whose authority is necessarily implied) to have authority to file a petition to revoke supervision, it could have said so. However, the legislature has not chosen to explicitly empower probation officers with such authority. We thus conclude that Wisovaty lacked authority to file the petition to revoke defendant's supervision, and the trial court lacked authority to consider that petition. Accordingly, we reverse the court's order revoking defendant's supervision.

III. CONCLUSION

- 6 -

For the reasons stated, we reverse the trial court's judgment.

Reversed.

MYERSCOUGH and TURNER, JJ., concur.