No. 3-06-0924

Filed September 25, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit Tazewell County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05-CM-870 |
| LAURIE HERRIN, | ) ) | Honorable Richard D. McCoy |
| Defendant-Appellant. | ) | Judge, Presiding |

JUSTICE HOLDRIDGE, delivered the opinion of the court:

Laurie Herrin was found guilty of simple battery (two counts) and sentenced to 12 months of probation. Her probation was ultimately revoked, and she filed the instant appeal from the circuit court's revocation order. She claims that (1) the court lacked jurisdiction to revoke her probation, (2) revocation was improper on the merits, and (3) the court improperly ordered her to pay a public defender fee. We reverse on the first issue.

BACKGROUND

On June 23, 2005, Herrin was charged by information with two counts of domestic battery. She was arrested and released the following day after posting bond. On October 17,

2005, Herrin appeared in court and entered negotiated guilty pleas involving reduction of the charges from domestic battery to simple battery. The court admonished her, accepted the pleas, and sentenced her to 12 months of probation pursuant to the plea agreement. The probation order (entered on October 17, 2005) contained a list of standard conditions with a handwritten notation stating, "All Apply." As special conditions, the order directed Herrin to pay a $200 fine, a probation fee, and a public defender fee. An "X" was also marked beside the following standard language: "As required by the probation officer, the Defendant shall undergo and pay for, as appropriate: medical, anger control, psychological, psychiatric, drug/alcohol and domestic violence treatment." This language was supplemented with a handwritten notation that read, "ONLY IF REQUIRED FOLLOWING EVAL."

On July 6, 2006, a probation officer filed a document in the Tazewell County circuit court styled, "STATEMENT CHARGING VIOLATION OF PROBATION AND PETITION TO REVOKE PROBATION." Through this document, the probation officer alleged that Herrin "violated the conditions of [her] probation" by failing "to complete substance abuse treatment ordered by probation due to her failure to schedule a substance abuse evaluation and do the recommended treatment." The document concluded as follows:

"WHEREFORE, your Petitioner prays:

a.     That the Court enter an order for a summons to issue to the
       defendant for appearance before this Court.

2

b.   That on appearance of said defendant before this Court, said defendant be furnished with a copy of this Statement and Petition, and a date be set for a hearing on the above allegations charging a Violation of Probation.

c.   That at the conclusion of the hearing the Court enter an order revoking the probation of said defendant and sentence said defendant in accordance with law for the offense of which [she] was heretofore convicted herein."

The court summoned Herrin and appointed a public defender to represent her during the revocation proceedings. The matter was then continued on three separate dates in 2006: July 24 (by agreement of the parties), August 30 (by agreement of the parties), and October 16 (on the court's own motion). A revocation hearing ultimately occurred on November 20, 2006, more than 13 months after the order imposing a 12-month probation term. The probation officer testified that although Herrin attended two drug/alcohol evaluations, he did not "receive anything in regards to her successful completion of any treatment." Written reports from the evaluations were then discussed on the record, and the parties stipulated to both reports.

According to the report from the first evaluation, performed by Carolyn Sward on August 11, 2006, Herrin admitted to being an alcoholic and receiving medication to cope with alcohol cravings. She also claimed that she did not have time or money for counseling. Sward concluded that Herrin would not benefit from additional drug/alcohol counseling. According to

3

the report from the second evaluation, performed by Pat Schaefer on November 7, 2006, Herrin took medication to prevent alcohol cravings but resisted attending or participating in treatment. Schaefer concluded that Herrin would benefit from attending Alcoholics Anonymous.

The defense acknowledged that Herrin had not received alcohol treatment. Herrin testified that she previously received a copy of Sward's report but did not receive a copy of Schaefer's report until the day before the hearing. She read both reports as indicating a probability that treatment would be beneficial, but she did not understand them to formally recommend treatment. She admitted to alcohol problems but denied having resisted treatment.

The court found that Herrin had resisted treatment, and that the evaluators did not make treatment recommendations because of her resistance. This scenario, according to the court, was the "indubitable equivalent of *** failure to successfully complete treatment." The following order was consequently entered:

> "MATTER comes on probation hearing. Ct. finds petition proven.
>
> D's probation extended 1 year. D to submit to random drug/alcohol testing & not
>
> consume any alcohol."

In a subsequent order, the court directed Herrin to pay a public defender fee of $50. She then filed the instant appeal.

## ANALYSIS

Herrin's jurisdictional claim raises a question of law subject to de novo review. See In re D.G., 144 Ill. 2d 404 (1991).

4

Absent tolling of a defendant's probation term, a court has no authority to revoke the defendant's probation once the original term has expired. People v. Martinez, 150 Ill. App. 3d 516 (1986). Since Herrin's revocation hearing did not occur until after the original 12-month probation term expired, the court lacked jurisdiction unless the term was tolled. Tolling is effected by "[p]ersonal service of the petition for violation of probation or the issuance of such warrant, summons or notice." 730 ILCS 5/5-6-4(a) (West 2006). Of course such notice is not operative, however, unless the underlying pleading is valid. The underlying pleading in the instant case is the probation officer's "STATEMENT CHARGING VIOLATION OF PROBATION AND PETITION TO REVOKE PROBATION." We conclude that this pleading was invalid ab initio because the probation officer lacked authority to file it.

In People v. Dinger, 136 Ill. 2d 248 (1990), the Illinois Supreme Court held that a defendant could not petition to revoke her own probation. The court specifically observed that "the Unified Code of Corrections contemplates the revocation of an offender's probation only upon the filing by a proper party of a petition charging a violation of a condition of probation." (Emphasis added.) Dinger, 136 Ill. 2d at 259. Since this observation was dispositive, the court declined to "reach the State's [additional] contention that an interpretation allowing anyone other than the State's Attorney to file a petition unconstitutionally intrudes on its exclusive discretion in the management of a criminal prosecution." Dinger, 136 Ill. 2d at 259. The court thus did not address whether a non-attorney other than the defendant (such as a probation officer) can file a pleading that charges a probation violation and seeks revocation.

5

In People v. Kellems, 373 Ill. App. 3d 1129 (2007), the Illinois Appellate Court, Fourth District, concluded that a probation officer lacks authority to file a petition to revoke a defendant's court supervision. We agree with the basic rationale of Kellems and find it responsive to the open question from Dinger in this context. Section 5-6-4(a) of the Unified Code of Corrections (Code) mentions a petition "charging a violation of a [probation] condition" without specifically indicating who is authorized to file the pleading. 730 ILCS 5/5-6-4(a) (West 2006). Such indication is unnecessary because the legislature has elsewhere declared, "The duty of each State's attorney shall be: To commence and prosecute all actions *** civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." (Emphasis added.) 55 ILCS 5/3-9005(a)(1) (West 2006). Based on the plain meaning of this language, and a lack of any specific statutory exception applicable in the probation context, we conclude that a probation officer cannot file a pleading that charges a probation violation and seeks revocation. Such action constitutes the unauthorized practice of law and usurps the State's attorney's prerogative.

Justice Schmidt cites subsections 5-6-4(f) and (i) of the Code in reaching a contrary conclusion on this issue. We respectfully disagree with his interpretation of these provisions. Subsection 5-6-4(f) authorizes "the supervising agency" to move for modification of probation conditions. 730 ILCS 5/5-6-4(f) (West 2006). However, such a general grant of institutional pleading authority does not answer the specific question of who can file the pleading in court. Prior to July 31, 1996, subsection 5-6-4(f) explicitly stated that probation conditions could be

6

modified "on motion of the probation officer." See 730 ILCS 5/5-6-4(f) (West 1994). However, this language was stricken by amendment through Public Act 89-587 (Pub. Act 89-587, eff. July 31, 1996). Probation officers have thus been removed from the pleading equation. Now the statutory language merely conveys a general grant of pleading authority to the supervising agency, which by virtue of its institutional nature cannot proceed pro se. When exercising its authority under subsection 5-6-4(f), therefore, the agency must proceed like other institutional parties that plead in court--through counsel.[1] More importantly, this discussion only encompasses motions to modify probation conditions. Authority to move for modification does not encompass authority to petition for revocation. See Dinger, 136 Ill. 2d 248.

Subsection 5-6-4(i) of the Code reads: "Instead of filing a violation of probation, conditional discharge, supervision, or a sentence of county impact incarceration, an agent or employee of the supervising agency with the concurrence of his or her supervisor may serve on the defendant a Notice of Intermediate Sanctions." 730 ILCS 5/5-6-4(i) (West 2006). This

---

[1]Otherwise, by comparison, the State could send a secretary, paralegal, or other non-attorney to appear in court and plead a violation of supervision or conditional discharge. See 730 ILCS 5/5-6-4.1(a) (West 2006) (authorizing "the State" to make an "oral or written motion" charging a violation of supervision or conditional discharge). This, of course, would constitute the unauthorized practice of law. Prosecution by the State's attorney was not specifically mentioned here because it was a foregone conclusion, not because non-attorneys were being authorized to plead in court.

7

provision could have been worded, "Instead of the State's attorney filing a violation of probation ***," but such wording was unnecessary for the reasons explained above. The State's attorney's role as prosecutor of such actions is a foregone conclusion (see 55 ILCS 5/3-9005(a)(1) (West 2006)) and thus does not need to be reiterated every time a statute mentions filings to initiate the proceedings. Moreover, it is inconsequential that subsection 5-6-4(i) authorizes "an agent or employee of the supervising agency" to serve a probationer with a Notice of Intermediate Sanctions because unlike pleading in court, such service does not constitute the practice of law.

There can be no question that the probation officer's pleading in the instant case amounted to law practice. Yet the probation officer lacks a law license. His actions not only constituted the unauthorized practice of law but also usurped the statutory prerogative of the state's attorney.

CONCLUSION

For these reasons, the judgment of the circuit court of Tazewell County entered on November 20, 2006, is reversed.

Reversed.

WRIGHT, J., concurs.

JUSTICE SCHMIDT, specially concurring:

I concur with the majority's opinion that defendant's probation was improperly terminated. However, I disagree with the majority's analysis and, therefore, write separately.

8

Defendant's initial contention is that the trial court lacked authority to act upon the petition to revoke her probation when it entered its November 20, 2006, order. As this contention raises a question of law, we review it *de novo*. *People v. Caballes*, 221 Ill. 2d 282, 289, 851 N.E.2d 26, 31 (2006).

Defendant's argument is based on the theories and reasoning discussed in *People v. Kellems*, 373 Ill. App. 3d 1129, 872 N.E.2d 390 (2007). In *Kellems*, the Fourth District held that a probation officer lacks authority to file a petition to revoke probation and, as such, a trial court is without authority to consider such a petition. *Kellems*, 373 Ill. App. 3d at 1133. The court based its reasoning on the power given by the legislature to a probation officer and to a State's Attorney's office. The court noted that the legislature did not give probation officers the authority to file such a document in the Probation and Probation Officers Act (730 ILCS 110/12 (West 2004)). *Kellems*, 373 Ill. App. 3d at 1131.

The *Kellems* court then noted that the legislature gave, in section 3--9005 of the Counties Code (55 ILCS 5/3--9005(a)(1) (West 1992)), the authority to commence "and prosecute all actions, suits, indictments[,] and prosecutions, civil and criminal, in the circuit court for his county, in which the

9

people of the State or county may be concerned." *Kellems*, 373 Ill. App. 3d at 1132. Given that this power was conferred upon the State's Attorney, and the fact that such authority had not been granted to probation officers, the *Kellems* court held that a court lacks "authority to consider" a petition to revoke filed by a probation officer. *Kellems*, 373 Ill. App. 3d at 1133.

The State acknowledges that if we follow *Kellems*, the trial court lacked authority to rule on the petition and the order extending defendant's probation must be dismissed. The State responds, however, by urging us not to follow *Kellems* and by noting that our supreme court has never specifically addressed this issue. The State notes that in *People v. Dinger*, 136 Ill. 2d 248, 554 N.E.2d 1376 (1990), the supreme court merely stated that a petition must be filed by a proper party and that a defendant cannot, herself, file a petition to revoke her own probation. *Dinger*, 136 Ill. 2d at 259. The State notes that the *Dinger* court did "not reach the State's contention that an interpretation allowing anyone other than the State's Attorney to file a petition unconstitutionally intrudes on its exclusive discretion in the management of a criminal prosecution." *Dinger*, 136 Ill. 2d at 259. Therefore, the State argues, following

10

*Kellems* would be unwise and unwarranted expansion of the "*Dinger* doctrine."

Before explaining my disagreement with the reasoning of the *Kellems* court, I must first note that the term "petition to revoke" is somewhat of a misnomer. The Unified Code of Corrections (the Code) does not technically allow anyone to file a petition to revoke. 730 ILCS 5/5--6--1 *et seq.* (West 2006). Section 5--6--4 of the Code sets forth the applicable procedures to inform the court of an alleged violation of a condition of probation. 730 ILCS 5/5--6--4 (West 2006). Nowhere in this section, however, is a "petition to revoke" mentioned. Technically, a "petition *** charging a violation of a condition" may be filed with the court. 730 ILCS 5/5--6--4(a) (West 2006). Once the petition charging a violation of a condition is filed, the court may: (1) order the issuance of a notice to the offender to be present by the county probation department or such other agency designated by the court to handle probation matters; (2) order a summons to the offender to be present for a hearing; or (3) order a warrant for the offender's arrest if there is a danger the offender will flee or cause serious harm to others. 730 ILCS 5/5--6--4(a)(1) through (3) (West 2006). Personal service of either the notice, summons, or warrant tolls the

11

period of probation. 730 ILCS 5/5--6--4(a) (West 2006). The Code continues by stating that the court "shall conduct a hearing of the alleged violation." 730 ILCS 5/5--6--4(b) (West 2006). At the hearing, the "State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence." 730 ILCS 5/5--6--4(c) (West 2006). Following the hearing, if the court finds a condition of probation was violated then it has many options, one of which is to revoke probation altogether and "impose any other sentence that was available under section 5--5--3 of [the] Code or section 11-501 of the Illinois Vehicle Code at the time of initial sentencing." 730 ILCS 5/5--6--4(e) (West 2006).

The term of art, "petition to revoke," is used by many in the criminal justice arena. However, a petition to revoke is actually a petition charging a violation of a condition of probation that simply requests revocation as a consequence of the alleged violation. This distinction is somewhat significant given the *Kellems* court's proclamation that a probation officer lacks "authority to file a petition to revoke defendant's supervision." *Kellems*, 373 Ill. App. 3d at 1133. While a probation officer may not have authority to file a "petition to

12

revoke," he or she most certainly has authorization to file a petition charging a violation of a condition of probation.

Section 5--6--4(i) states that "[i]nstead of filing a violation of probation, *** an agent or employee of the supervising agency with the concurrence of his or her supervisor may serve on the defendant a Notice of Intermediate Sanctions." 730 ILCS 5/5--6--4(i) (West 2006). The legislature therefore empowered the probation department to serve defendant a notice of intermediate sanctions "instead of filing a violation of probation." This language clearly evinces the legislative intent to provide a probation department with the option of filing a petition charging a violation of probation (petition to revoke) with the court or, instead, filing a notice of intermediate sanctions.

Section 5--6--4(f) further supports the conclusion that the legislature intended to give the probation department the authorization to file a petition charging a violation of a condition of probation. Paragraph (f) states that the "conditions of probation *** may be modified by the court on motion of the supervising agency *** after notice and a hearing." 730 ILCS 5/5--6--4(f) (West 2006). I can think of no rational reason why the legislature would allow a "supervising agency" to

13

make a motion to modify probationary conditions in one breath, and deny the same agency the ability to file a petition charging a violation of a condition in another.

It is axiomatic to note that our primary goal of statutory interpretation is to ascertain and give effect to the intention of the legislature. *People v. Bailey*, 375 Ill. App. 3d 1055, 874 N.E.2d 940 (2007). Therefore, I respectfully disagree with the majority's analysis and would find that probation officer Daymon Aeilts, with the concurrence of his supervisor, was authorized to file the statement charging violation of probation. The State, through the Tazewell County State's Attorney's office, then chose to prosecute the matter to conclusion.

I would not address defendant's contention that the trial court erred when finding she violated a condition of her probation. As this court has previously stated, "We will not disturb a trial court's finding in a proceeding to revoke probation unless it is against the manifest weight of the evidence." *People v. Clark*, 313 Ill. App. 3d 957, 959, 731 N.E.2d 432, 435 (2000). A finding is against the manifest weight of the evidence only when a contrary result is clearly evident. *People v. Clark*, 313 Ill. App. 3d at 960. I would hold that the trial court's finding that defendant violated a condition of her

14

probation was against the manifest weight of the evidence and would reverse the trial court's order of November 20, 2006, on that basis.

Defendant's certificate of conditions of probation stated she shall undergo drug or alcohol treatment "only if required following eval[uation]." Neither of the evaluation reports "required" her to submit to treatment. Moreover, there is nothing in the record to indicate that the probation department sent her any kind of notice demanding she engage in alcohol treatment. The trial court acknowledged that "both of these evaluations indicate that no recommendation [for treatment] was made." Nevertheless, the trial court found that she violated a condition of her probation because she was "resistant" to treatment. The opposite conclusion was the only option available to the trial court. Neither evaluator demanded or required treatment. The State never required defendant to undergo treatment. Defendant cannot be revoked for failing to do something she was never required to do. The finding that defendant violated the treatment condition of her probation was against the manifest weight of the evidence. For that reason, I concur in the majority's judgment.

15