THIRD DIVISION
March 24, 2010

No. 1-08-0870

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06 CR 13568 |
| | ) | |
| TYSHAWN KELLER, | ) | |
| | ) | Honorable Marjorie Laws, |
| Defendant-Appellant. | ) | Judge Presiding |

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

Defendant, Tyshawn Keller, pled guilty to possession of a controlled substance with intent to deliver and was sentenced to probation. After a hearing, defendant's probation was revoked. On appeal, he argues that this court should reverse the order revoking his probation because (1) his probation officer lacked the authority to file the petition for violation of probation and (2) the State failed to prove by a preponderance of the evidence that he failed to comply with the terms of his probation.

## I. BACKGROUND

On July 28, 2006, defendant pled guilty to possession of a controlled substance with intent to deliver. The court imposed a term of probation of 26 months. As part of the terms of his probation, defendant was ordered to obtain his GED, complete five days of the Sheriff's Work Alternative Program, submit to random drug testing, and pay $1,295 in fines.

On October 17, 2007, defendant's probation officer, Clyde Akbar, filed a "Petition for Violation of Probation and Warrant" because defendant failed to report on September 14, 2007, did not complete his GED, and had not paid the fines. The petition requested that the court issue a warrant for "defendant to appear and answer the alleged violations in open court at a hearing to determine whether or not the probation shall be revoked and if so, what new sentence and modifications shall be imposed."

At the hearing, the assistant State's Attorney presented the testimony of Akbar. Akbar testified that he was the probation officer assigned to supervise defendant. On September 14, 2007, defendant had an appointment to report to Akbar's office and complete a random drug test, but defendant failed to appear. Akbar notified defendant of the September 14 appointment at their previous meeting on August 7, 2007.

Defendant testified that Akbar told him he had until 2:30 p.m. on September 14 to report. Defendant arrived at 2:30 p.m., but Akbar was not there. He spoke to a woman in the office next to Akbar's, who said she would leave Akbar a message saying that defendant was there. He also left "millions" of voice messages for Akbar.

The court noted Akbar's testimony that defendant failed to report on September 14, 2007, and that the defendant had no corroboration that he reported at 2:30 p.m. that day. The trial court therefore found that defendant violated his probation by missing his scheduled appointment with Akbar. Defendant was then sentenced to three years' imprisonment for the underlying conviction.

## II. ANALYSIS

### A. Authority of Probation Officer to File Petition

Defendant contends that this court should reverse the order revoking his probation because Akbar, defendant's probation officer, lacked the authority to file the petition to revoke probation. He cites section 12 of the Probation and Probation Officers Act (730 ILCS 110/12 (West 2006)) (the Act), which delineates a probation officer's authority but does not include the authority to file a petition to revoke probation. He also cites section 5-6-4 of the Unified Code of Corrections (730 ILCS 5/5-6-4 (West 2006)), which he says does not specify who has the authority to file a petition to revoke probation. Defendant argues that, in contrast, section 3-9005 of the Counties Code specifically states that "[t]he duty of each State's attorney shall be: *** [t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." 55 ILCS 5/3-9005(a)(1) (West 2006).

In *People v. Dinger*, 136 Ill. 2d 248, 259 (1990), our supreme court found that "the Unified Code of Corrections contemplates the revocation of an offender's probation only upon the filing by a proper party of a petition charging a violation of a condition of probation." As explained in detail below, we find, based on the language of section 5-6-4 of the Unified Code of Corrections (730 ILCS 5/5-6-4 (West 2006)), that a probation officer is a "proper party" to file such a petition.

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Whitney*, 188 Ill. 2d 91, 97 (1999). The language of the statute must be afforded its plain, ordinary, and popularly understood meaning. *In re Detention of Lieberman*,

1-08-0870

201 Ill. 2d 300, 308 (2002). The court will not depart from the plain meaning of a statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. *Petersen v. Wallach*, 198 Ill. 2d 439, 446 (2002). In construing a statute, we presume that the General Assembly, in its enactment of legislation, did not intend absurdity, inconvenience, or injustice. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04 (2000). As defendant's argument raises a question of law, we review the trial court's decision *de novo*. *People v. Caballes*, 221 Ill. 2d 282, 289 (2006).

We decline to follow the two cases from other districts that defendant relies on in support of his argument: *People v. Kellems*, 373 Ill. App. 3d 1129 (2007), and *People v. Herrin*, 385 Ill. App. 3d 187 (2008).

In *Kellems*, a probation officer filed a petition to revoke the defendant's supervision,[1] alleging that the defendant violated two terms of the supervision order. The defendant filed a motion to dismiss the petition on the ground that a probation officer does not have the authority to file such a petition. The trial court rejected the defendant's argument, but on appeal, the Fourth District reversed. *Kellems* first noted that section 12 of the Act, which includes the list of duties and responsibilities of probation officers, does not contain a provision empowering a probation officer to file a petition to revoke supervision. *Kellems*, 373 Ill. App. 3d at 1131, citing 730 ILCS 110/12 (West 2004). It further noted that section 5-6-4 of the Unified Code of Corrections (730 ILCS 5/5-6-4 (West 2004)) does not specify who has the authority to file a

---

[1] In Cook County, probation officers do not monitor defendants on supervision. This point was not raised in *Kellems*.

petition to revoke supervision. *Kellems*, 373 Ill. App. 3d at 1131. Finally, section 3-9005 of the Counties Code (55 ILCS 5/3-9005(a)(1) (West 2006)) states that the "duty of each State's Attorney shall be *** [t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." See *Kellems*, 373 Ill. App. 3d at 1131.

*Kellems* relied on *People v. Birt*, 274 Ill. App. 3d 805 (1995). In *Birt*, the State's Attorney filed a motion to modify the terms of the defendant's probation. The defendant argued that the trial court committed reversible error in granting the State's motion to amend the conditions of his probation because section 5-6-4(f) did not give the State's Attorney the authority to file such a motion. At that time, section 5-6-4(f) provided that the "conditions of probation, of conditional discharge and of supervision may be modified by the court on motion of the probation officer or on its own motion or at the request of the offender after notice and a hearing." 730 ILCS 5/5-6-4(f) (West 1992). The Fourth District disagreed, noting that because "a motion to amend probation constitutes a continuation of a criminal case, the People of the State of Illinois continue to be represented by the State's Attorney *** concerning such a motion." *Birt*, 274 Ill. App. 3d at 808, citing 55 ILCS 5/3-9005(a)(1) (West 1992). "We suggest this point is so basic that the legislature did not deem it necessary to mention the State's Attorney as among those who could file a motion pursuant to section 5-6-4(f) of the Code." *Birt*, 274 Ill. App. 3d at 808.

*Kellems* concluded, "Consistent with our reasoning in *Birt*, *** if the legislature had intended anyone other than the State's Attorney (whose authority is necessarily implied) to have authority to file a petition to revoke supervision, it would have said so. However, the legislature

has not chosen to explicitly empower probation officers with such authority." *Kellems*, 373 Ill. App. 3d at 1133. Therefore, it found that the probation officer lacked the authority to file a petition to revoke the defendant's supervision. *Kellems*, 373 Ill. App. 3d at 1133.

*People v. Herrin*, 385 Ill. App. 3d 187 (2008), agreeing with the reasoning of *Kellems*, concluded that a petition to revoke probation filed by the probation officer was void *ab initio* because the probation officer lacked the authority to file it. *Herrin*, 385 Ill. App. 3d at 190. The Third District relied on section 3-9005 of the Counties Code, which grants State's Attorneys the authority to commence and prosecute all actions, and 5-6-4(a) of the Unified Code of Corrections, which "mentions a petition 'charging a violation of a [probation] condition' without specifically indicating who is authorized to file the pleading." *Herrin*, 385 Ill. App. 3d at 190-91, quoting 730 ILCS 5/5-6-4(a) (West 2006).

The *Herrin* court rejected the argument that subsections 5-6-4(f) and (i) dictated a different result. *Herrin*, 385 Ill. App. 3d at 191. The "general grant of institutional pleading authority" in subsection 5-6-4(f) "does not answer the specific question of who can file the pleading in court." *Herrin*, 385 Ill. App. 3d at 191. It also concluded that, since the July 31, 1996, amendment to subsection 5-6-4(f), "[p]robation officers have *** been removed from the pleading equation." *Herrin*, 385 Ill. App. 3d at 191. Section 5-6-4(f) provides that the "conditions of probation, of conditional discharge, of supervision, or of a sentence of county impact incarceration may be modified by the court on motion of the supervising agency or on its own motion or at the request of the offender after notice and a hearing." 730 ILCS 5/5-6-4(f) (West 2006). Subsection 5-6-4(i) provides, in relevant part, "Instead of filing a violation of probation *** , an agent or employee of the supervising agency *** may serve on the defendant

1-08-0870

a Notice of Intermediate Sanctions." 730 ILCS 5/5-6-4(i) (West 2006). The court found that subsection 5-6-4(i) "could have been worded, 'Instead of the State's attorney filing a violation of probation ***,' but such wording was unnecessary" because the State's Attorney's role as prosecutor of such actions is a foregone conclusion that does not need to be reiterated every time a statute mentions filings to initiate proceedings. *Herrin*, 385 Ill. App. 3d at 191-92. *Herrin* concluded, "There can be no question that the probation officer's pleading in the instant case amounted to law practice. Yet the probation officer lacks a law license. His actions not only constituted the unauthorized practice of law but also usurped the statutory prerogative of the State's Attorney." *Herrin*, 385 Ill. App. 3d at 192.

We disagree with the courts' reasoning in *Kellems* and *Herrin*. As Justice Schmidt noted in his special concurrence to *Herrin*, "The term of art, 'petition to revoke,' is used by many in the criminal justice arena. However, a petition to revoke is actually a petition charging a violation of probation that simply requests revocation as a consequence of the alleged violation." *Herrin*, 385 Ill. App. 3d at 194 (Schmidt, J., concurring). Justice Schmidt found this distinction "somewhat significant" in light of the *Kellems* court's proclamation that a probation officer lacks the " 'authority to file a petition to revoke defendant's supervision.' " *Herrin*, 385 Ill. App. 3d at 194 (Schmidt, J., concurring), quoting *Kellems*, 373 Ill. App. 3d at 1133.

Furthermore, the *Herrin* majority cites no authority for the proposition that a probation officer engages in the unauthorized practice of law when he or she files a petition for violation of probation. See *Herrin*, 385 Ill. App. 3d at 192. A probation officer is a judicial employee. 730 ILCS 110/9b(3) (West 2006). See also *People v. Hammond*, Nos. 4-08-0651, 4-08-0652, 4-09-0214 cons. (December 21, 2009). Thus, Akbar was not engaging in the unauthorized practice of

-7-

law when he filed the petition for violation of defendant's probation; instead, he was acting as an agent of the trial court.

In addition, the *Herrin* court's interpretation of subsections 5-6-4(f) and (i) is faulty. The *Herrin* majority contends that the "general grant of institutional pleading authority" in subsection 5-6-4(f) "does not answer the specific question of who can file the pleading in court." *Herrin*, 385 Ill. App. 3d at 191. Section 5-6-4(f) provides that the "conditions of probation, of conditional discharge, of supervision, or of a sentence of county impact incarceration may be modified by the court on motion of the supervising agency or on its own motion or at the request of the offender after notice and a hearing." 730 ILCS 5/5-6-4(f) (West 2006). In this case, the "supervising agency" is the probation department, which necessarily includes probation officers, since they oversee a defendant's probation. Thus, it is clear to this court that the "supervising agency" listed in subsection (f) must include probation officers, as they are agents of the probation department.

Subsection 5-6-4(i) provides, in relevant part, "Instead of filing a violation of probation *** , an agent or employee of the supervising agency *** may serve on the defendant a Notice of Intermediate Sanctions." 730 ILCS 5/5-6-4(i) (West 2006). *Herrin* posits that the opening phrase of subsection 5-6-4(i) could have been worded, "Instead of the State's attorney filing a violation of probation," but that such wording was unnecessary, as the State's Attorney's role is a "foregone conclusion." *Herrin*, 385 Ill. App. 3d at 191. We find that such an interpretation is ungrammatical and contrary to the clear language of the statute, as the participial phrase's proximity to "an agent or employee of the supervising agency" can only mean that it is modifying "an agent or employee of the supervising agency." Therefore, a probation officer, in

this case an agent of the Cook County Adult Probation Department, is permitted to file a petition for violation of probation. As Justice Schmidt stated, "I can think of no rational reason why the legislature would allow a 'supervising agency' to make a motion to modify probationary conditions in one breath, and deny the same agency the ability to file a petition charging a violation of a condition in another." *Herrin*, 385 Ill. App. 3d at 194 (Schmidt, J., concurring). If the legislature had intended that only State's Attorneys would be permitted to file petitions for violation of probation, it would have specified as much.

*Kellems* did not analyze subsections 5-6-4(f) and (i). Because subsections 5-6-4(f) and (i) make clear that a probation officer may file a petition for violation of probation, their omission from the *Kellems* court's analysis is significant.

Furthermore, the *Kellems* court, like defendant here, cites section 12 of the Act, which delineates a probation officer's authority but does not include the authority to file a petition to revoke probation (730 ILCS 110/12 (West 2006)), and section 3-9005 of the Counties Code, which provides that "[t]he duty of each State's attorney shall be: *** [t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." 55 ILCS 5/3-9005(a)(1) (West 2006). While these statutes list the duties of probation officers and State's Attorneys, neither specifically mentions petitions for violation of probation. Section 5-6-4, on the other hand, does.

We note that there is no functional difference between a petition for violation and a petition to revoke. Indeed, the Unified Code of Corrections (730 ILCS 5/5-6-1 *et seq.* (West 2006)) does not address whether anyone may file a petition to revoke probation. Section 5-6-4

outlines the procedure for a violation of probation, but it does not mention a "petition to revoke"; instead, it allows the filing of a "petition *** charging a violation of a condition." 730 ILCS 5/5-6-4(a) (West 2006). When such a petition is filed, the trial court may (1) order that the probation department or other agency that handles probation matters issue a notice to the offender to report; (2) order a summons to the offender to be present for hearing; or (3) order a warrant for the offender's arrest if there is a danger that he will flee or cause serious harm to others. 730 ILCS 5/5-6-4(a)(1) through (a)(3) (West 2006). The court "shall conduct a hearing of the alleged violation," where the State "has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence." 730 ILCS 5/5-6-4(b), (c) (West 2006). If the court finds that the defendant violated a condition of probation, it may, *inter alia*, revoke probation and impose any other sentence that was originally available. 730 ILCS 5/5-6-4(e) (West 2006).

The Fourth District recently interpreted section 5-6-4(i) to mean that probation officers may seek intermediate sanctions even when to do so is against the wishes of the State's Attorney. In *People v. Hammond*, Nos. 4-08-0651, 4-08-0652, 4-09-0214 cons. (December 21, 2009), the State's Attorney of Livingston County filed a petition for the revocation of probation after the three defendants violated the conditions of their probation. The trial courts dismissed the petitions because the defendants had accepted and completed the intermediate sanctions offered by their probation officers. In one of the cases, the trial court had directed the probation officer to offer the defendant an administrative sanction. On appeal to the Fourth District, the State argued that the trial courts' interpretation of section 5-6-4(i) violated the separation of powers doctrine.

The State in *Hammond* argued that it had veto power over the sanctions offered to the defendant. It cited section 5-6-4(i), which provides in relevant part that the probation officer may serve on the defendant a notice of intermediate sanctions. Section 5-6-4(i) continues, "If the intermediate sanctions are rejected or the defendant does not respond to the Notice, a violation of probation, conditional discharge, supervision, or a sentence of county impact incarceration shall be immediately filed with the court. The State's Attorney and the sentencing court shall be notified of the Notice of Sanctions." 730 ILCS 5/5-6-4(i) (West 2006). The Fourth District rejected the State's argument, concluding,

> "From the mere sentence, 'The State's Attorney and the sentencing court shall be notified of the [n]otice of [s]anctions,' it is quite a stretch to infer that the State's Attorney has veto power over the notice of sanctions. The legislature saw the need to apprise the State's Attorney of the notice; otherwise, the State's Attorney might file a petition for revocation while the defendant is faithfully complying with the sanctions. If the legislature, however, had intended to give the State's Attorney the power to disapprove the intermediate sanctions after the probation department offered them, the legislature surely would not have left such an important point to implication." *Hammond*, slip op. at 14.

We, like the *Hammond* court, note that a probation officer is a judicial employee. Section 9b(3) of the Probation and Probation Officers Act (730 ILCS 110/9b(3) (West 2006)) provides that "probation officers are judicial employees designated on a circuit wide or county basis and compensated by the appropriate county board or boards." In *Hammond*, the State argued that, by enacting section 5-6-4(i), the legislature infringed on the executive branch, of

which the State's Attorney is an officer, by transferring an essential function of the executive branch, *i.e.*, the decision of whether to prosecute a technical violation of the conditions of probation, to the judicial branch. The court found that a probation officer is a judicial employee, so "the action of the probation officer was the action of the judicial branch." *Hammond*, slip op. at 16, citing 730 ILCS 110/9b(3) (West 2008). The State argued that the judicial branch exercised its power without the State's Attorney's input. The court rejected the argument, finding that the granting, denying, modifying, or discontinuing probation is an essential judicial function, so the State's Attorney never had the power to decide what ultimately should be done about a technical violation of probation. *Hammond*, slip op. at 17.

Here, the trial judge sentenced defendant to probation. The probation department, under the auspices of the judiciary, *inter alia*, "take[s] charge of and watch[es] over all persons placed on probation under such regulations and for such terms as may be prescribed by the court." 730 ILCS 110/12(5) (West 2006). This language clearly supports our construction of the Act to mean that when a defendant violates the conditions of his probation, a probation officer should be permitted to file a petition informing the court, defendant, and State's Attorney of such.

We reject the holdings in *Kellems* and *Herrin* and find that the plain language of section 5-6-4 demonstrates that a probation officer may file a petition for violation of probation.

### B. Manifest Weight of the Evidence

Defendant also argues that the State failed to prove by a preponderance of the evidence that he failed to comply with his probation. At a probation-revocation proceeding, the State has the burden of proving the violation by a preponderance of the evidence. 730 ILCS 5/5-6-4(c) (West 2006). "The determination to terminate probation rests within the discretion of the trial

court, and, unless the determination was against the manifest weight of the evidence, an appellate court will not disturb the trial court's ruling." *People v. Taube*, 299 Ill. App. 3d 715, 721 (1998). A decision is against the manifest weight of the evidence when a contrary result is clearly evident. *People v. Matthews*, 165 Ill. App. 3d 342, 344-45 (1988). The decision to terminate is not *per se* against the manifest weight of the evidence simply because there is a conflict in the evidence. *Taube*, 299 Ill. App. 3d at 721.

Defendant testified at the hearing that he had until 2:30 p.m. on September 14, 2007, to report. He stated that he went to Akbar's office at 2:30 p.m., but Akbar was not there, so he left a message with the woman in the next office. Defendant also testified that he left messages on Akbar's voice mail. Defendant argues on appeal that Akbar did not testify that he had given defendant a specific appointment time that he missed, did not testify about the office hours he kept on September 14, 2007, and did not confirm or deny that he received voice messages from defendant. Defendant argues, therefore, that his testimony was unimpeached and unrebutted.

Defendant relies on *People v. Leigh*, 45 Ill. App. 3d 563 (1976). In *Leigh*, the trial court revoked the defendant's probation based on proof that she committed felony theft at the currency exchange where she worked. On appeal, the court reversed, noting that the State did not produce eyewitnesses who could establish that the defendant took money from the currency exchange. *Leigh*, 45 Ill. App. 3d at 565. There was testimony that shortages occurred regularly, and disputed evidence existed as to whether the defendant admitted taking the money. *Leigh*, 45 Ill. App. 3d at 565. The court also noted that the defendant was not impeached by the State after she denied making admissions to a detective two months after the occurrence. *Leigh*, 45 Ill. App. 3d at 565-66. "The most favorable statement that we can make regarding the State's evidence is that

1-08-0870

it is vague." *Leigh*, 45 Ill. App. 3d at 566. Accordingly, the court reversed the order revoking the defendant's probation. *Leigh*, 45 Ill. App. 3d at 566.

Here, there was no confusion or vagueness in the State's case. Akbar unambiguously testified that defendant had an appointment on September 14, 2007, to report to Akbar's office and complete a random drug test, but that defendant failed to appear. To the extent that Akbar's and defendant's testimony was inconsistent, "conflicting evidence alone is insufficient to overcome a finding of a violation of probationary conditions." *People v. Durk*, 195 Ill. App. 3d 335, 338 (1990). See also *Taube*, 299 Ill. App. 3d at 721. As the court noted in *Durk*, "The trial court was in a far better position than this court to weigh the credibility of the witnesses." *Durk*, 195 Ill. App. 3d at 338.

Defendant also claims that the trial court shifted the burden from the State to him by commenting on the lack of corroboration for defendant's version of events that day. We agree with the State that the trial court was simply remarking on "the court's weighing of the evidence." Furthermore, *People v. Williams*, 229 Ill. App. 3d 677 (1992), the case defendant relies on, is distinguishable. The trial court in that case told the defendant that he had the burden to prove that he was in compliance with the terms of his probation, and it did not require the State to present any evidence. *Williams*, 229 Ill. App. 3d at 679. Here, the State did present evidence, which was sufficient to prove that defendant violated the terms of his probation.

Accordingly, we conclude that the trial court's finding was not contrary to the manifest weight of the evidence.

### III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's order revoking defendant's probation.

Affirmed.

QUINN and COLEMAN, JJ., concur.

| | REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT |
|---|---|
| Please Use Following Form: | (Front Sheet to be Attached to Each Case) |
| Complete TITLE of Case | THE PEOPLE OF THE STATE OF ILLINOIS, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TYSHAWN KELLER aka DEMETRIUS KELLER, <br><br> Defendant-Appellant. |
| Docket No. <br><br> COURT <br><br> Opinion Filed | Nos. 1-08-0870 <br> Appellate Court of Illinois <br> First District, THIRD Division <br><br> March 24, 2010 <br> (Give month, day and year) |
| JUSTICES | PRESIDING JUSTICE MURPHY delivered the opinion of the court: <br><br> Quinn and Coleman, JJ., concur [s] |
| APPEAL from the Circuit Ct. of Cook County, Criminal Div. | Lower Court and Trial Judge(s) in form indicated in the margin: <br><br> Honorable Marjorie Laws , Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago. <br><br> For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel) <br><br> Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. <br><br> Attorney for **Defendant-Appellant:** Michael J. Pelletier, State Appellate Defender <br> Linda Olthoff, Asst. Appellate Defender <br> Office of the State Appellate Defender <br> 203 N. La Salle Street, 24th Floor <br> Chicago, IL 60601 <br> Phone: (312) 814-5472 <br><br> Attorneys for **Plaintiff-Appellee:** Anita Alvarez, State's Attorney, Cook County <br> James E. Fitzgerald, Amy Watroba Kern, Asst. State's Attys. <br> Room 309, Richard J. Daley Center <br> Chicago, IL 60602 <br> Phone: (312) 603-5496 |